## M. V. NOGUEIRA V. THE STATE.

No. 16287.   Delivered January 31, 1934.
Rehearing Denied March 21, 1934.
Reported in 69 S. W. (2d) 101.

The opinion states the case.

*Oren Parmeter,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is making a false entry in a book of accounts; the punishment, confinement in the penitentiary for two years.

The indictment follows the form embraced in Willson's Texas Criminal Forms, 4th Ed., being Form No. 450, found on

page 235. The charging part of the indictment reads as follows:

"M. V. Nogueira, on the 2nd day of January in the year of our Lord One Thousand, Nine Hundred and Thirty with force and arms, in the County and State aforesaid, did unlawfully and with the intent to defraud J. B. Finks, District Clerk in and for Dallas County, Texas, make and caused to be made a false entry in a certain book then and there kept as a book of accounts by the said M. V. ·Nogueira, said book of accounts, then and there belonging to and used in connection with the business of J. B. Finks, District Clerk in and for Dallas County, Texas, known as cash book Number 19, 1930, District Clerk, Dallas County, which said false entry was then and there and is to the tenor following: under date January 2, page 1, line 1, under the heading sundries, the figures 66497.04 (said figures 66497.04 being false) thereby meaning and intending that the cash account under the heading 'sundries' of the said J. B. Finks, District Clerk in and for Dallas County, Texas, on January 2nd, 1930, had only the sum of $66,497.04 Dollars, whereas in truth and in fact the said sundries account of the said J. B. Finks, District Clerk in and for Dallas County, Texas, did on January 2, 1930, and at the time said entry 66497.04 was made as aforesaid have the sum of $67,497.04 cash and the said entry of 66497.04 was false, and the said M. V. Nogueira knew said entry was false when he made and caused the same to be made."

The motion to quash the indictment embraced several grounds, most of which involved the contention that the offense was not set forth in plain and intelligible words as required by article 396, C. C. P. We think the motion was properly overruled, and express the opinion that the pleader explicitly charged all that was essential to constitute the offense. The law does not require minuteness of detail, but demands only that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Middleton v. State, 25 S. W. (2d) 614, and authorities cited.

Appellant earnestly insists that the evidence is not sufficient to support the conviction. Looking to the testimony, it is observed that appellant, who was chief deputy district clerk of Dallas county during the years 1929 and 1930, received and paid out money for the district clerk and kept the cash books. Cash book No. 18, which carried the cash account under the head of Sundries for the year 1929, showed an entry at the close of the year, in appellant's handwriting, of $67,497.04, representing that the account had in it the amount of money indi-

cated. The first entry in cash book No. 19 for the year 1930 under the head of Sundries was in appellant's handwriting and indicated that the grand total of cash for the year 1929 was $66,497.04, which was at variance with the entry of December 31, 1929, in cash book No. 18, there being a discrepancy of one thousand dollars. Upon being questioned by the district clerk, appellant stated to him that he (appellant) had been short in his accounts in the approximate sum of $1,300. The clerk testified that he could not say of his own knowledge that there was a shortage in the funds. He further testified that it was his recollection that appellant stated to him that he had put the money back. One of the deputy clerks testified, in part, as follows: "When I noticed the shortage on the sundries account the next thing I did was to verify the totals on the 1930. * * * When I noticed this discrepancy of '67' against '66' here, the next thing I did was to run these totals on the adding machine which are the only two totals and when I did I found it balanced. I was looking to see if there was any discrepancy in the figures and came back and checked those and found this total had been carried forward short one thousand dollars; this total is $142,958.89 in the bank. I checked this total and found it was short a like sum in the bank account column. This is cash book 18 and it is December 31, 1929 and it was $142,958.89. In cash book 19 it is $141,958.89. This is '142' and this '141,' a discrepancy of one thousand dollars."

Referring to a conversation had with appellant concerning the entries, the witness testified as follows: "He (appellant) discussed those items in cash book 18 and cash book 19 under the sundries heading which we had been discussing and admitted they were wrong and said he had made them. * * * He said that he made those entries so as to straighten up his account, the bank account with the cash book account. He said he was short approximately $1,300. * * * He said these particular entries were made for the purpose of covering up the shortage, clear up and balance his cash books with his cash account, to cover up the shortages that had already been occasioned further back, and he admitted that this entry '66' was false."

On cross-examination the witness said: "I don't know whether the sundries account balance, the balance of sundries account in cash book No. 18 is correct or not. I don't know whether the opening entry in cash book 19 of the sundries account is correct or not. It isn't the correct total that he wound up with in 1929. The entry in cash book 19, the first entry is

not correct; according to my knowledge of the records it is not correct."

Th witness further testified on cross-examination that a complete audit of the books had been made by the county auditor and that no discrepancy had been found by him.

Appellant did not testify in his own behalf, and introduced no witnesses.

We are unable to reach the conclusion that the evidence is insufficient. Appellant's admission that the entry was false and was made for the purpose of covering up a shortage due to his act in taking funds belonging to the account appears to be sufficiently corroborated by the other facts and circumstances in evidence.

Bill of exception No. 8 presents the following occurrence: Appellant did not testify in his own behalf. The district attorney, in his argument, displayed appellant's application for subpoenas for witnesses and stated to the jury that appellant had offered no testimony notwithstanding the fact that he had witnesses in attendance upon court. The objection to the argument was that it constituted a comment on the failure of appellant to testify. The bill is qualified by the court with the statement that the district attorney made no reference to the failure of appellant to testify. The opinion is expressed that the bill fails to show that the district attorney commented on appellant's failure to testify.

In bill of exception No. 9 it is recited that the district attorney stated in argument that if the state had tried to show other shortages such testimony would not have been admissible. The bill is qualified to the effect that the district attorney made no reference to any other shortage on the part of appellant. As qualified, the bill fails to reflect error.

We deem it unnecessary to discuss the other bills of exception found in the record. We have carefully examined all of appellants' contentions.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the record fails to show whether the last entry in the Sundries Account in cash book 18 is false, or the first entry in the same account in cash book 19. We are not concerned with the entry in book

18, save as it shed light on the averment in the indictment that appellant made and caused to be made a false entry in cash book 19 under date January 2, 1930, by writing as follows: "Under the heading Sundries, the figures $66,497.04 (said figures $66,497.04 being false), etc." It is true that the indictment does state that at the time of said last mentioned entry the Sundries Account had $67,497.04 cash, but such allegation would not of necessity compel proof thereof as a predicate to a finding by the jury of the falsity of the entry alleged to be false. We think the testimony does show that the first entry in book 19 under the head of Sundries was false.

There were only two witnesses. Mr. Cloud swore that from his knowledge of the records, the first entry in book 19 under the head of Sundries was not correct. He also swore that appellant admitted to him that the first two figures, viz: the figures 66 in the entry of the item $66,497.04 in said book 19, were false. He testified that appellant said he was short approximately $1300.00. The testimony shows that there were two entries of totals in the Sundries Account in books 18 and 19, book 18 being closing up entries for the year 1929, and book 19 containing the new entries carried forward from 1929 into the new year, and that these two items each varied in the sum of $1,000.00 from the entries thereof in the old and new books. Speaking exactly, the last entry on cash book 18 in the Sundries Account was $67,497.04, and the last entry in said book in the bank account was $142,958.89. In book 19 the first entry in the Sundries Account was $66,497.04, a thousand dollars less than the last entry in the same account at the close of the books in December; the first entry in the bank account in cash book 19 was $141,958.89,—one thousand dollars less than the entry made in the corresponding account in book 18 at the close up of the year 1929. We think these facts, coupled with appellant's admissions, and the testimony of the two witnesses, show beyond question that the entry alleged herein to be false was in fact false.

We have again reviewed the complaint in bill of exceptions 9, and are constrained to hold that it was correctly disposed of in our former opinion. The court qualified said bill, and there was no exception to his qualification. Giving effect to same, this court must hold that what was said by the state's attorney had no reference to any other shortage than that involved in the account whose entry was alleged to be false.

Being unable to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*